## F. H. Gaines, etc., v. Wm. T. Carlisle.

**Sales—Negligence of Purchaser.**

The execution of a note for goods without making examination of a partial invoice, was held to be culpable negligence on the part of the purchaser.

**Sales—Representation as to Value.**

Representation by the seller of goods as to their value in the aggregate was held to be a mere expression of opinion on which the buyer had no right to rely.

### APPEAL FROM GALLATIN CIRCUIT COURT.

April 1, 1873.

Opinion by Judge Lindsay:

Gaines was guilty of culpable negligence in making no examination of the partial invoice, before the execution of the note. He does not pretend that an opportunity to do so was denied him. If he be a man of ordinary business capacity it is most remarkable that he should have relied upon Carlisle's statements as to what this paper showed on the second evening after they began invoicing. One of the parties making it out was his own agent, and he was himself present whilst it was being done. The proof does not show that Carlisle made false statements as to the original cost of the goods. His representations as to the value in the aggregate, or as to the value of any particular article, are to be regarded as mere expressions of opinion upon which Gaines had no right to rely. The instructions given at appellee's instance are based upon this idea, and are correct. Instruction No. 1 asked for by appellants was misleading, because it directed the jury to find for them if they should believe that Carlisle made false representations either as to the amount or the value of the goods. The second was also misleading, in view of the fact that it assumed that there was evidence conducing to show that Carlisle had before the execution secreted the note or destroyed the partial invoice, so as to prevent Gaines from obtaining correct information as to the quantity and value of the goods. Such assumption was wholly unwarranted.

The third instruction asked for was also properly refusd. Whilst the testimony of Carlisle is to some extent varied from that of some

of the other witnesses there are no such direct contradictions as would have authorized the court to call special attention to these reasonable and natural differences in recollection, and thereby prejudice him and his testimony in their estimation. Perceiving no available error in the action of the circuit court, the judgment is *affirmed*.

*Landram, for appellants.*

————, *for appellee.*